IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALLEN WOLFSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ALAN MOSS,<br><br>    Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No:  2:06-CV-906 PGC<br><br>District Judge Paul G. Cassell<br><br>Magistrate Judge David Nuffer |

  Plaintiff Allen Wolfson filed suit against Defendant Alan Moss seeking to recover money allegedly due him in connection with a lease agreement.  Because Wolfson is proceeding pro se, the court construes his filings liberally.[1]  After carefully reviewing the complaint, the court concludes that it should be dismissed for lack of subject matter jurisdiction.

  A federal court must first satisfy itself that it has jurisdiction before proceeding in a case.[2]  Whenever it appears that subject matter jurisdiction is lacking, the court must dismiss the action.[3]  A court may dismiss a case sua sponte for lack of subject matter jurisdiction.[4]

---

[1] *See* Haines v. Kerner, 404 U.S. 519, 520 (1972).

[2] *See* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

[3] Fed. R. Civ. P. 12(h)(3).

[4] United States ex rel. King v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1281-82 (10th Cir. 2001).

Wolfson alleges jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).[5] The complaint states that he is a resident of Utah.[6] Although the complaint does not specify Defendant Moss's state of residence, Wolfson indicates in a subsequent motion for service of process that Moss is a resident of Salt Lake County.[7] Since Moss is also a Utah resident, there is no diversity of citizenship.

The court notes that Wolfson has not attempted to assert jurisdiction under section 1331 (federal question jurisdiction). Further, the facts alleged in the complaint do not support any claim based on a federal question. At most, Wolfson's complaint can be construed to assert claims based on breach of a lease agreement which is a question of state law. Because complete diversity is lacking and no federal claim exists, the court lacks jurisdiction over the subject matter.

---

[5] Complaint at 1.

[6] *Id.* Wolfson could not allege diversity of citizenship based on his incarceration in another state. His state of citizenship is Utah for purposes of diversity jurisdiction. *See Ferrer v. Dailey*, No. 96-3155, 1996 WL 731618, at *1 (10th Cir. Dec. 20, 1996) (unpublished)(stating that inmate's state of citizenship is the state of which he was a citizen before he was sent to prison).

[7] Docket no. 7, at 2, filed March 29, 2007.

## RECOMMENDATION

The complaint should be **DISMISSED** under Rule 12(h)(3) for lack of subject matter jurisdiction.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation.  The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

August 22, 2007.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge