IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALLEN WOLFSON,<br><br>Plaintiff,<br><br>v.<br><br>ALAN MOSS,<br><br>Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Civil No. 2:06-CV-906 |

Before the court is the Report and Recommendation ("R&R") (#9) issued by United States Magistrate Judge Nuffer on August 22, 2007, recommending that the court dismiss plaintiff's case for lack of subject matter jurisdiction.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court now makes a de novo determination upon the record of the portions of Magistrate Judge Nuffer's disposition to which the court has received specific written objections. Although Plaintiff timely filed objections in which he requests the court to reject the R&R, the court finds no merit in them.

Despite his admission that both he and Defendant are residents of Utah,[1] Plaintiff asserts in his objections that the court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) because Defendant is "also a resident of Arizona."[2] As an individual may have only one domicile at a given time for purposes of determining diversity jurisdiction,[3] Plaintiff's bald

---

[1] Compl. ¶ 1 (Docket No. 3); Pl.'s Mot. Process 2 (Docket No. 7).

[2] Pl.'s Objections ¶ 1 (Docket No. 11).

[3] *See, e.g.*, *Cressler v. Neuenschwander*, 930 F. Supp. 1458, 1462 (D. Kan. 1996).

assertion that Defendant is "also a resident of Arizona" is insufficient to support jurisdiction in light of the presumption against its existence.[4]

Additionally, Plaintiff asserts in his objections a violation of his "right to equal protection of the law."[5] As Plaintiff's complaint, based entirely on state law claims, makes no mention of any constitutional claim and his objections do not offer any explanation beyond the assertion above, the court finds no basis upon which to find federal question jurisdiction.

Having reviewed the matter de novo, the court finds that the record fully supports the R&R. Consequently, the court ADOPTS the R&R (#9) and DISMISSES plaintiff's case under Rule 12(h)(3) for lack of subject matter jurisdiction.[6] The Clerk's Office is directed to close the case.

SO ORDERED.

DATED this 26th day of September, 2007.

BY THE COURT:

_____
Paul G. Cassell,
United States District Judge

---

[4] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[5] Pl.'s Objections ¶ 1 (Docket No. 11).

[6] Fed. R. Civ. P. 12(h)(3).